Caria, per

O’Neall, J.
The general rule unquestionably is, if the ovmer of a chattel hire it to another, he cannot, during the time it is so hired, maintain either trespass or trover against a third person, in respect to any injury to or conversion of it. The case of Gordon vs. Harper, 7 T. R. 9, is an illustration of it. There, furniture leased with a house was wrongfully taken in execution, by the sheriff; it was held that pending the lease, the landlord could not maintain tro-ver against the sheriff Because, to maintain such an action, there must be in the plaintiff a right of present possession, as well as of property. So in Paine & Whitaker vs. The Sheriff of Middlesex, 21 Eng. Crown L. R. 390, goods on hire were wrongfully taken in execution, it was held that-the owner could not maintain trover. J his ruling, it must be borne in mind, was by Mr. Justice Abbott. For it will hereafter appear, that he had previously carved out an exception to the general rule. In Bell vs. Monahan & Love, December, ’38, this court conformed very properly to the general rule, which I have stated. There, it was held, that the owner of a horse, who had hired him, could not maintain trespass against a constable who seized him in the possession of the bailee, and sold him. But to this general rule, there is, as I conceive, one exception, which is, if' the bailee do an act inconsistent with the bailment, and *436 calculated to defeat the right of property of the owner, he may treat the bailment as ended, and maintain trover. In Loeschman vs. Machlin, 3d Eng. C. L. Rep. 359, it was ruled by Abbott, J., that the hirer of a piano, who sends it to an auctioneer to be sold, is guilty of a conversion, and so is the auctioneer, who refuses to deliver it, unless the expense incurred be paid. That decision, regarded as an exception to the general rule, upon the principle which I have pointed out, makes the two decisions of that great Judge, Abbott, in the case of Paine & Whitaker vs. The Sheriff of Middlesex, and Loeschman vs. Machlin, perfectly reconcilable ; otherwise the conflict would be apparent and indefensible.
In North Carolina, Andrews vs. Shaw, 4 Dev. 70, the following case is stated. William Butler conveyed a slave to the plaintiff, in trust for his (Butler’s) family. The trustee hired the slave for a year to Butler, who removed to a distant part of the State, and sold him to the defendant. The court held that during the year of hiring, trover would not lie. This point, it will be seen, is in conflict with Abbott’s decision in Loeschman vs. Machlin, and if it was necessary for the purpose of this case, I should be inclined to overrule it, and follow the English decision. But it is not; forli’est my judgment upon a ground perfectly consistent with it. In it, the trust seems to have been a general one, and that there was no right of actual possession, in the ces-tuique trusts, or that Butler’s possession was their possession. This hiring was not, therefore, inconsistent with the trust. It might have been necessary to give it effect. But in the case before us, the deed of trust declares the duty of the trustee, (the plaintiff) to be “ to permit the said Jane Rebecca Brown, during the term of her life, the rents, profits, issues, interests, and emoluments of the said tract of land, heretofore mentioned, together with the profits, hire, labor and services of the slaves aforesaid, and the use, profit and increase of the stock , and furniture aforesaid, to have, use, possess and enjoy, without any limitation or condition whatever. Provided always, the same shall in no wise be subject to the control, debts, contracts, or intermedling of any future husband, or other person whatsoever; and provided the said personal property *437 bove mentioned shall not be removed out of the district of Charleston without the consent and approbation, expressed in writing, of the said John Clark.” The cestuique trust, Jane Rebecca, after the execution of this deed, intermarried with Baxter, to whom the plaintiff hired the ne-groes, first in 1838, as evidenced by his note of hand, and they were in the possession of the cestuique trust, and her husband, in Orangeburg district, when seized in execution in January, 1841. The plaintiff, it was proved, said that he had hired them, that year, to the husband. If this be true, it was in direct violation of the trust, which was to permit Mrs. Baxter to have the services of the slaves, and that they should, in no way, be subject to the control, debts, or contracts of her husband. The contract of hiring, as between the husband and trustee, is void. For the trustee is to represent and to protect the wife’s interest. He is to .sue for her, so that she may be enabled to enjoy the property, according to the trust. If the hiring is good, and the sale by the sheriff good for the year, then the property is, in direct contradiction to the deed, made liable to the control, debts, and contracts of the husband. This cannot be allowed; and the contract of hiring between the husband and trustee must be treated as in violation of the rights of the cestuique trust, and void. The motions are dismissed.
Richardson, Evans and Earle, JJ., concurred.